### THOMAS D. THOMPSON *vs.* EDWARD H. PURCELL.

If labor has been performed and materials furnished by A., in the erection of a building for B., who has executed a written promise to pay a certain sum therefor, " provided the roof under and around the belfry deck does not leak, and provided further that the plastering on the church said A. built for said B. proves not to be injured by the frost," the acceptance of such written promise will not prevent a recovery for the value of the labor, on a *quantum meruit.*

CONTRACT. The declaration contained a count upon a written contract for erecting a church, one upon a *quantum meruit* for labor performed and materials furnished in erecting the same church, and a third upon the following written contract: " $408. Hinsdale Depot, Jan. 5th 1860. On the first day of May next, I promise to pay to the order of Thomas D. Thompson, at the Pittsfield Bank, four hundred and eight dollars, value received, and interest, provided the roof under and around the belfry deck does not leak, and provided further that the plastering on the church said Thompson built for said Purcell in Hinsdale proves not to be injured by the frost. Edward H. Purcell."

At the trial in the superior court, before *Vose*, J., there was evidence tending to prove that, on January 5th 1860, after the plaintiff had finished work upon the church, the parties met for a settlement, and could not then determine whether the work had been done according to the specifications of a written contract under which it had been performed, and the defendant feared there might be some leak, and wanted some security, and the whole matter under the contract was closed by the defendant's giving his note for $400, which was afterwards paid, and the above written contract, all other payments under the building contract having been made. The plaintiff in this action only sought by his several counts to recover the said sum of $408 and interest thereon. It appeared that after the 1st of Ma 1860 the plaintiff demanded of the defendant payment of this amount, which the defendant refused on the ground that the conditions named in the written contract had not been complied with, and the plaintiff thereupon endeavored to remedy the

alleged defects. The plaintiff conceded that he had not completely performed the requirements of the contract, there being some leaks in the tower which he had not succeeded in remedying. The defendant entered into the occupation of the church in December 1859, and has since continued to occupy it. There was conflicting evidence as to what would be the expense of remedying the defects.

The defendant requested the court to instruct the jury that if the parties met in January 1860, and settled everything between them in reference to the contract for erecting the church, and the result of that settlement was the giving of the writing declared on, then the plaintiff's remedy is on that paper alone, and not upon the original contract or upon a *quantum meruit*. But the judge declined so to rule, and instructed the jury that upon the foregoing facts and evidence the taking by the plaintiff of the written promise did not preclude him from recovering upon a *quantum meruit*, for any balance that might be due to him.

The jury returned a verdict for the plaintiff, with $440.88 damages; and the defendant alleged exceptions.

*T. P. Pingree, Jr.*, for the defendant.

*S. W. Bowerman*, for the plaintiff.

BIGELOW, C. J. If the contract bearing date January 5th 1860, set forth in the third count of the declaration, had been an ordinary agreement for the payment of money growing out of a loan, or sale of merchandise, or purchase of land, or other similar transaction, the interpretation for which the defendant contends would have been the true one. It would have been a promise dependent for its fulfilment on the performance of a condition by the promisee. The failure to comply with the condition would have been a decisive answer to the plaintiff's right to recover. But we think the contract in question is to be interpreted in reference to the subject matter to which it relates, and out of which it arose. It was given on the settlement of the amount due on a building contract. By the well settled rule of law in this commonwealth, when work has been done and materials furnished in the erection of a building on the land of another, under a special contract, for which money is agreed to

be paid only on the fulfilment of certain stipulations or conditions, a party may recover such sums as the materials and labor are worth, although the special stipulations and conditions of the contract have not been complied with. *Smith* v. *First Cong. Meeting-house in Lowell,* 8 Pick. 178. *Bassett* v. *Sanborn* 9 Cush. 58. *Gleason* v. *Smith,* Ib. 484.

The agreement of January 5th 1860 must be interpreted with reference to this rule of law. At the time the settlement took place and this new agreement was entered into, the plaintiff would have had a right to recover the amount due to him for labor and materials, deducting a proper sum for the deficiencies in doing the work according to the contract. It is not reasonable to suppose that the plaintiff intended to relinquish this right, and to surrender the whole amount due to him for his labor and materials, because there were slight imperfections in the building which could be made good for a much smaller sum. The more reasonable inference is that the new agreement was designed only as evidence of a settlement by which the sum due for the building when completed according to the contract was ascertained and fixed ; and that the condition was inserted only to show that the building was not accepted as having been finished according to the contract, and that the plaintiff was bound to make the specified defects good, notwithstanding the express promise to pay a certain sum of money. It was not a conditional promise, strictly speaking, or an accord and satisfaction. This was the view of the interpretation of the contract which was taken at the trial. The court correctly ruled that the plaintiff was not precluded from recovering on a *quantum meruit.*                    *Exceptions overruled.*